**FALKENBERG v
INDUSTRIAL FIRE INS CO et**

Ohio Appeals, 1st Dist, Hamilton Co

No 4984.   Decided March 9, 1936

Nichols, Morrill, Wood, Marx & Ginter, Cincinnati, for Martin Falkenberg.

Harmon, Colston, Goldsmith & Hoadly, Cincinnati, for Industrial Fire Insurance Company.

## OPINION

By ROSS, PJ.

It is claimed that this action is barred by the provisions of twelve months limitation in the policy. Even if this be effective, the original petition was filed within the period and while reformation was not therein sought, there was sufficient compliance with the provisions referred to.

The second cause of action in the amended petition is in substance the same as the cause of action contained in the original petition.

The facts are that the plaintiff for some time previous to the incidents forming the basis of the present controversy had been engaged in the business of erecting houses and was engaged by Lizzie Gibbons to build

one for her under a contract providing for the payment to him of some $2800.00. The building was erected, and not receiving payment, the plaintiff filed a mechanic's lien covering this amount upon the premises owned by Lizzie Gibbons.

It is admitted that a man by the name of Walls was the duly accredited agent of the defendant and had full authority to write insurance policies. The plaintiff and Walls had dealt together on previous occasions in which the interest of the plaintiff in buildings constructed or under construction had been satisfactorily insured. The plaintiff applied to Walls for insurance to protect his interest in the premises which constituted the security for his lien. There can not be the slightest doubt that Walls 'understood perfectly just what the plaintiff wanted. The defendant company is charged with his knowledge. Walls agreed to write the insurance and did so. This policy was allowed to expire. It contained a "mortgage" clause, which it is obvious both Walls and the plaintiff thought would cover him as the holder of a mechanic's lien. Some few months after the expiration of the first policy, a second was written up on the plaintiff's application to Walls for the "same" protection. Through inadvertence, an effective mortgage clause was omitted. It was again the obvious intention of the parties to secure the interest of the plaintiff as a holder of a mechanic's lien by the use of a "mortgage clause," and it is also apparent that this clause was not executed purely through inadvertence.

Now fraud is never presumed and we cannot presume that Walls, and through him the defendant, intended to take the plaintiff's premium—which has never been tendered by the defendant for either policy—without giving him protection as a consideration for the payment of such premium. The policy did refer to the plaintiff as "mortgagee."

The defendant claims Walls had no authority to insure lien holders. That the plaintiff had an insurable interest cannot be gainsaid. The course of dealing between the parties negatives the defendant's contention. Walls knew the whole situation and his knowledge is that of the company. This we have fully discussed in **Lambert et v Connecticut Fire Ins. Co., 49 Oh Ap, 483,** and it is unnecessary to here repeat the authority upon which our conclusion is predicated.

It is also claimed that the contract was with Lizzie Gibbons and that as she never authorized the issuance of a policy to her

the whole contract is void. This is purely subterfuge and evasion.

No one can review the evidence in this case without inevitably coming to the conclusion that all the parties were fully advised of just what was wanted by the plaintiff and that it was the intention to secure him by issuing a policy to Lizzie Gibbons, loss, if any, payable to the plaintiff as his interest should appear. The agent told the plaintiff that this is what the means used would accomplish. The plaintiff had a right to rely upon his advice as a representative of the company and an expert in insurance. To hold otherwise is to permit a gross fraud perpetrated by unconscionable means.

If no other equitable principle were available to the plaintiff to secure relief in the instant case and there are others, that requiring that where one of two innocent persons must suffer, the one who places it in the power of a third person to do an injury must suffer.

The policy will be reformed to express the true intent of the parties, that is, that the interest of the plaintiff as the holder of a mechanic's lien upon the premises is secured against loss by fire.

MATTHEWS and HAMILTON, JJ, concur.